UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMRA L. TVEIT,<br><br>          Plaintiff,<br><br>v.<br><br>RICHARD NATELSON,<br><br>          Defendant. | Case No. 4:11-CV-00258-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Defendant Richard Natelson's ("Natelson") motion to dismiss (Dkt. 9). The motion was filed on February 15, 2012 and the certificate of service indicates the motion was mailed to Plaintiff at the address on the docket as well as a street address. Plaintiff Tamra Tveit's ("Tveit") response to the motion was due by March 12, 2012. As of March 13, 2012, no response has been filed by Plaintiff.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional

**MEMORANDUM DECISION AND ORDER - 1**

process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Tveit filed her Complaint in this matter on June 1, 2011 (Dkt. 1). Plaintiff alleges medical malpractice by Defendant Natelson. Natelson is an employee of Steele Memorial Medical Center which is owned and operated by Lemhi County.

Defendant alleges Tveit failed to properly serve the Complaint within 120 days as required by Fed. R. Civ. P. 4(m). The Court requested Plaintiff to show cause why she failed to timely serve the Complaint by filing an explanation by October 31, 2011. Plaintiff did not file her explanation until December 23, 2011 (Dkt. 5).

Additionally, Defendant maintains that the Complaint should be dismissed as Plaintiff has failed to comply with the mandatory condition precedent of notice pursuant to the Idaho Tort Claims Act and this requires dismissal of the pending Complaint.

## LACK OF MEMORANDUM IN RESPONSE

The Local Rules of Civil Practice before the United States District Court for the District of Idaho provide in relevant part:

> The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.

D. Id. L. Civ. R. 7.1(c)(1)(emphasis added).

Failure to file a response may be deemed to constitute consent to the granting of

**MEMORANDUM DECISION AND ORDER - 2**

the pending motion. D. Id. L. Civ. R. 7.1(e). A motion to dismiss can be granted for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## ANALYSIS

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Defendants that pro se litigants are held to the same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court has reviewed the record in this matter and even liberally construing Plaintiff's explanation for not timely serving Defendant, the Court finds the Complaint should be dismissed. Plaintiff has failed to comply with Idaho Code § 6-902(2) which requires notice of tort claim to be filed within one hundred eighty (180) days of the alleged tortious conduct by Natelson since Natelson is employed by a county-owned hospital. *Greenwade v. Idaho State Tax Commission*, 808 P.2d 420 (Idaho Ct. App. 1991). It is undisputed that Plaintiff failed to comply with the notice requirements under the Idaho Tort Claims Act. Failure to comply with the notice requirements is fatal to

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff's claims and Plaintiff is barred from bringing such claims. *Udell v. Idaho State Board of Land Commissioners,* 812 P.2d 325 (Idaho Ct. App. 1991).

Alternatively, in applying the *Ghazali v. Moran* factors, the Court finds the dismissal in this case is in the public's interest in expeditious resolution of litigation since Plaintiff has been delinquent in prosecuting her action and has failed to file a response to the motion. The Court needs to manage its docket and pro se litigants must comply with the same procedural rules as litigants represented by counsel. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). There is a risk of prejudice to Defendant Natelson if this matter is not dismissed and he has to defend an action that has not complied with the Idaho Tort Claims Act. While there is a public policy favoring disposition of cases on their merits, the law applied to this case indicates that Plaintiff is barred from bringing her claims. Finally, there are no less drastic sanctions available as Plaintiff has already had a related state court action dismissed without prejudice and should be well aware of her need to comply with Court orders and to respond why the prerequisite notice under the Idaho Tort Claims Act was not complied with. For all these reasons the Court finds the motion to dismiss should be granted.

**MEMORANDUM DECISION AND ORDER - 4**

ORDER

IT IS ORDERED that Defendant Natelson's Motion to Dismiss (Dkt. 9) be GRANTED and the matter is DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

DATED:  **March 16, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**